[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEBRUARY 9, 2009
THOMAS K. KAHN
CLERK

No. 08-11093
Non-Argument Calendar

_____

D.C. Docket No. 08-00025-CV-OC-10GRJ

VANESSA WADE,

Plaintiff-Appellant,

versus

UNITED STATES OF AMERICA,
FEDERAL BUREAU OF PRISONS,
DR. IVAN L. NEGRON,
MARK A. JOHNSON,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(February 9, 2009)

Before TJOFLAT, DUBINA and PRYOR, Circuit Judges.

PER CURIAM:

Vanessa Wade appeals the dismissal without prejudice of her complaint against the Bureau of Prisons and two of its employees, Dr. Ivan L. Negron and Unit Manager Mark Johnson of the Coleman Federal Correctional Complex. See 42 U.S.C. § 1983. The district court ruled that Wade failed to exhaust available administrative remedies under the Prison Litigation Reform Act. 42 U.S.C. § 1997e(a). We affirm.

Section 1997e(a) provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title . . . by a prisoner confined in any jail, prison, or correctional facility until such administrative remedies as are available are exhausted." We review de novo the dismissal of an action for failure to exhaust. Johnson v. Meadows, 418 F.3d 1152, 1155 (11th Cir. 2005). A district court may dismiss sua sponte a complaint if it "is frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A.

The Bureau of Prisons provided a administrative grievance procedure, and Wade failed to comply with that procedure. The three-step procedure required Wade to file a grievance at the institution where she was incarcerated and, if the request was denied, to appeal to the regional office and then the Office of General Counsel. 28 C.F.R. §§ 542.14(a), 542.14(a)(b). An inmate may file a grievance

directly with the regional office if the inmate "reasonably believes the issue is sensitive" and, if the regional office finds the request not sensitive, the inmate is permitted to re-initiate the process at the institutional level. Id. § 542.14(d). Wade filed a "sensitive" grievance with the regional office and was instructed by that office to "file a request or appeal at the appropriate level via regular procedures." When Wade appealed to the Office of General Counsel, that office also told Wade to "first file a BP-9 request through the institution for the Warden's review and response before filing an appeal." Because documents attached to Wade's complaint establish that she did not exhaust administrative remedies, the district court did not err when it dismissed Wade's complaint summarily. See Jones v. Bock, 549 U.S. 199, 213–15, 127 S. Ct. 910, 920–21 (2007).

The dismissal of Wade's complaint is **AFFIRMED**.